IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
JAN 20 2011
Phil Lombardi, Clerk
U.S. DISTRICT COURT

JEFFREY and REBECCA HORVATH, )
Individually and as husband and wife, )
)
Plaintiffs, )
)  Case No. 11 CV-049 GKF  TLW
vs. )
)
SOUTHWEST AIRLINES CO., )  JURY TRIAL DEMANDED
)  ATTORNEY LIEN CLAIMED
a foreign corporation, )
)
Defendant. )

## COMPLAINT

**COME NOW** the Plaintiffs, Jeffrey and Rebecca Horvath, individually and as husband and wife, ("Plaintiffs"), and for their causes of action against the Defendant allege and state as follows:

### JURISDICTION

1. Plaintiffs are individuals who live in the county of Tulsa, State of Oklahoma.

2. Defendant Southwest Airlines Co., ("Defendant") is a Texas Corporation with its principal place of business in Texas; doing business in the State of Oklahoma.

3. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, the sum specified by 28 U.S.C. §1332.

4. There being diversity among the parties, and the amount in controversy exceeding $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

### VENUE

5. A substantial part of the facts supporting the claim occurred in Tulsa, Oklahoma, which lies in the Northern District of Oklahoma.

1



6. Plaintiffs received substantial medical treatment and all of Plaintiffs' medical treating witnesses reside in the Northern District of Oklahoma.

7. The only independent witnesses to the event itself currently reside in the Northern District of Oklahoma.

8. A substantial part of the events or omissions giving rise to the claim occurred, and the witnesses involved in the subject of the action is situated, in Tulsa, Oklahoma, therefore venue for this action is proper in this Court pursuant to 28 U.S.C. §1391(a)(2).

## FACTS

9. On or about April 18, 2009, Plaintiffs were returning to their home in Tulsa, Oklahoma via Southwest Airlines from Las Vegas, Nevada.

10. Plaintiffs' flight required a lay-over with a change of planes in Denver, Colorado.

11. When Plaintiffs' flight on Southwest Airlines to Tulsa (flight #2839) was called, the Plaintiffs approached the gate where the ticket agent requested that they collapse their baby stroller and carry it to the end of the jetway to be stored under the plane.

12. Plaintiffs proceeded down the jetway with Rebecca Horvath carrying their five (5) month old son, and Jeffrey Horvath was just ahead of his wife with their five (5) year old daughter.

13. As Rebecca Horvath was approaching the plane on the enclosed jetway owned and operated by the Defendant, she slipped and fell due to the floor being very wet and slick.

14. As a result of her fall, Rebecca Horvath suffered serious and permanent injuries, including an acromiclavicula separation, foot sprain, knee abrasion and hip pain. An MRI of her shoulder revealed a signal alteration in the distal supraspinatus tendon,

compatible with tendinopathy or a partial tear. Rebecca Horvath's injuries required treatment, therapy, surgery and rehabilitation.

15. Because she was breastfeeding, Rebecca Horvath was unable to take any medication for pain. Further, due to her injuries and excruciating pain, Rebecca Horvath was forced to sacrifice some of the most precious times of her baby's life, including bonding with her infant son due to pain and inability to hold or lift her son.

16. Jeffrey Horvath attempted to assist his wife and prevent her fall and as a result suffered injuries, including a tear in the posterior horn of the medial meniscus. Jeffrey Horvath's injuries required treatment, therapy, surgery and rehabilitation.

17. The Plaintiffs incurred substantial medical expenses related to the treatment and rehabilitation as a result of their injuries.

18. At all relevant times, Plaintiffs were married.

## COUNT I - PREMISE LIABILITY

COME NOW the Plaintiffs, and for their first cause of action against Defendant Southwest Airlines Co., adopts and re-alleges all of the allegations above as if fully set forth herein and further alleges and states as follows:

19. Defendant had a duty to protect Plaintiffs from dangers they actually knew or should have known pursuant to the Colorado Premise Liability Act. Colorado Revised Statute *13-21-115(3)(c)*.

20. Defendant failed to exercise reasonable care to protect Plaintiffs from harm while on Defendant's property.

21. Defendant failed in its duty to exercise due care in maintaining the enclosed jetway on April 18, 2009.

22. Plaintiffs as customers of the Defendant, on Defendant's property at the time of the accident, would be invitees pursuant to Colorado Revised Statute *13-21-115(5)(a)*.

23. As a direct result of Defendant's failure to exercise reasonable care and its failure to comply with the legal standards required by the Colorado Premise Liability Act, Plaintiffs have been damaged in an amount in excess of $75,000, excluding costs and fees.

## COUNT II - NEGLIGENCE

COME NOW the Plaintiffs, and for their second cause of action against Defendant Southwest Airlines Co., adopts and re-alleges all of the allegations above as if fully set forth herein and further alleges and states as follows:

24. Defendant had a duty to maintain a safe jetway.

25. Defendant breached its duty to Plaintiffs.

26. This accident occurred as a result of the negligence of the Defendant, which included but is not limited to the following particulars:

   a) The Defendant failed to erect signs, roping or other standard devices that are customarily utilized in the industry to warn patrons and customers that the floor was wet and/or slippery;

   b) The Defendant's employee(s) failed to adhere to whatever training he/she received concerning the maintenance of the jetway during business hours;

   c) The Defendant failed to properly train and/or supervise its employee(s) in the safe manner in which the jetway should have been maintained; and,

   d) The Defendant required plaintiffs to fold their stroller at the top of the enclosed jet bridge and carry it to the end of the jetway preventing them from being able to catch their

4

    fall or minimize the fall under the conditions, and also preventing them from providing a safe mode of transport for their five month old son, since he fell and hit his head as a result of Rebecca falling.

27. As a direct and proximate result of the negligence of the Defendant; Plaintiff, Rebecca Horvath, did fall with great force, causing severe injuries to her body.

28. As a direct and proximate result of the negligence of Defendant; Plaintiff, Jeffrey Horvath, sustained injuries to his body.

29. That as a direct result of the negligence of the Defendant and its agent, servant and/or employees, Plaintiffs were severely and permanently injured and they each sustained damages including but not limited to, permanent injury, medical expenses, future medical expenses, lost income, and past and future mental pain and physical pain and suffering.

30. As a direct result of Defendant's negligence, Plaintiffs have been damaged in an amount in excess of $75,000, excluding costs and fees.

## COUNT III – RESPONDENT SUPERIOR

COME NOW the Plaintiffs, and for their third cause of action against Defendant Southwest Airlines Co., adopts and re-alleges all of the allegations above as if fully set forth herein and further alleges and states as follows:

31. Defendant is liable under the theory of respondent superior for the negligent acts and/or omissions of their agents, servant and/or employees.

32. As a direct result of Defendant's agents, servant and/or employees' negligence, Plaintiffs have been damaged in an amount in excess of $75,000, excluding costs and fees.

## DAMAGES

33. As a result of the negligence of the Defendant, Plaintiff Jeffrey Horvath has suffered and continues to suffer damages, including but not limited to, temporary and permanent injuries, past and future medical bills and expenses, and a loss of consortium.

34. Plaintiff Rebecca Horvath has suffered and continues to suffer damages, including but not limited to, temporary and permanent injuries, past and future medical bills and expenses, and a loss of consortium with her minor children.

35. As a result of Rebecca Horvath's injuries, Jeffrey Horvath was deprived of affection, society, companionship, and aid and comfort of Rebecca Horvath and deprived of certain household services Rebecca Horvath would have performed.

36. As a result of Jeffrey Horvath's injuries, Rebecca Horvath was deprived of affection, society, companionship, and aid and comfort of Jeffrey Horvath and deprived of certain household services Jeffrey Horvath would have performed.

**WHEREFORE**, Plaintiffs, Jeffrey and Rebecca Horvath, pray for judgment against Defendant Southwest Airlines Co., in an amount in excess of $75,000.00, the costs of this action, pre-judgment and post- judgment interest at the maximum statutory rate allowed, attorney fees, and any all other just and equitable relief this Honorable Court deems proper.

Respectfully submitted,

**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.**

*[signature]*

Daniel S. Sullivan, OBA # 12887
Jason A. Robertson, OBA #17696
1100 Petroleum Club Building
601 S. Boulder
Tulsa, OK 74119
(918) 583-8100
918-583-8107

-and-

E. Gregory Martin
LATHROP & GAGE, LLP
950 Seventeenth St., Ste. 2400
Denver, CO 80202
(720) 931-3200
(720) 931-3201

*ATTORNEYS FOR PLAINTIFFS*

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**